UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANITA J. JACKSON,

|                                              |                    |
|----------------------------------------------|--------------------|
| Plaintiff,                                   | Case # 18-CV-261-FPG |
| v.                                           | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY,             |                    |
| Defendant.                                   |                    |

## INTRODUCTION

On January 23, 2014,[1] Plaintiff Anita J. Jackson ("Jackson" or "Plaintiff") protectively applied for Disability Insurance Benefits under Title II of the Social Security Act, alleging disability beginning on June 6, 2013. Tr.[2] 132-38. The Social Security Administration ("SSA") denied her claim (Tr. 52-56), and on June 6, 2016, Jackson testified at a video hearing before Administrative Law Judge Christina Young Mein ("the ALJ"). Tr. 24-42. On June 29, 2016, the ALJ issued an unfavorable decision. Tr. 11-19. Plaintiff submitted additional evidence to the Appeals Council ("the AC"). Tr. 7. The AC denied Plaintiff's request for review, stating that the evidence did not show a reasonable probability that it would change the outcome of the decision and so the AC did not consider or exhibit the evidence. Tr. 1-4. Jackson then appealed to this Court.[3] ECF No. 1.

The parties make competing motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 17, 24. For the reasons that follow, Jackson's motion is

---

[1] Plaintiff's application for benefits is dated February 25, 2014, but Plaintiff and the ALJ stated the application was made on January 23, 2014. ECF No. 17-1 at 2; Tr. 11, 132.

[2] "Tr." refers to the administrative record in this matter. ECF No. 6.

[3] The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## LEGAL STANDARD

When reviewing a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

In conducting the requisite five-step analysis,[4] the ALJ determined that Jackson's degenerative disc disease and carpal tunnel syndrome were severe impairments.[5] Tr. 13. The ALJ found that Jackson retained the residual functional capacity ("RFC")[6] to perform light work, which requires lifting up to 20 pounds at a time with frequent lifting or carrying of up to 10 pounds. Tr. 14; *see* 20 C.F.R. §§ 404.1567(c). She also found that Jackson could stand, sit, and walk up to 6 hours in an 8-hour day and occasionally stoop, bend, and climb ramps and stairs. Tr. 14-15.

---

[4] The ALJ uses this analysis to determine whether a claimant is disabled and therefore entitled to benefits. 20 C.F.R. § 404.1520(a)(4).

[5] A severe impairment "significantly limits the claimant's ability to do basic work activities" and a nonsevere impairment will "only minimally affect the claimant's ability to work." *Thompson v. Comm'r of Soc. Sec.*, No. 18-CV-167-FPG, 2019 WL 4016167, at *2 (W.D.N.Y. Aug. 26, 2019).

[6] A claimant's RFC reflects his ability to perform physical or mental work activities on a sustained basis despite his impairments. 20 C.F.R. § 404.1520(e)-(f).

Jackson argues that remand is required because the Appeals Council improperly denied her request for review of the ALJ's decision. ECF No. 17-1 at 17. The Court agrees.

The AC must consider additional evidence that a claimant submits if the claimant can show good cause for not submitting it to the ALJ; it is new, material, and relates to the period on or before the ALJ's decision; and there is a reasonable probability that it would change the outcome of the decision. *Simon v. Berryhill*, No. 1:16-cv-04088(FB), 2017 WL 4736732, at *2 (E.D.N.Y. Oct. 19, 2017) (citing 20 C.F.R. § 404.970(a)(5), (b)).

"'Good cause' for failing to present evidence in a prior proceeding exists where . . . the evidence surfaces after the Secretary's final decision and the claimant could not have obtained the evidence during the pendency of that proceeding." *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 44 (2d Cir. 1991); *see also Pollard v. Halter*, 377 F.3d 183 193 (2d Cir. 2004). Evidence is new if it is not cumulative of what is already in the record. *Simon*, 2017 WL 4736732, at *2 (citation omitted). It is material if it is relevant to the claimant's condition during the time period for which benefits were denied and probative, meaning there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently. *Webb v. Apfel*, No. 98-CV-791, 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1990)).

Here, Plaintiff submitted to the AC a Retrospective Medical Opinion ("RMO") from Dr. Mikhail Strut dated October 6, 2017.[7] Tr. 7. Dr. Strut treated Plaintiff for pain management stemming from back and shoulder injuries sustained in her June 6, 2013 car accident. Tr. 30, 219-33. Dr. Strut opined in the RMO that Plaintiff could lift or carry no more than 5 pounds occasionally and less than 5 pounds frequently; could sit or stand for no more than 15 to 20 minutes

---

[7] The Court notes that the date at the top of the document is September 28, 2017 and the date next to Dr. Strut's signature is October 6, 2017. Using either date the analysis remains the same.

at a time; and would need unscheduled breaks away from coworkers and the public "a few times per day" for 20 to 30 minutes at a time due to headaches. Tr. 7.

Dr. Strut's opinion is new and material evidence that may have changed the outcome of the ALJ's decision. First, because the opinion did not exist at the time of the ALJ's decision, Plaintiff has shown good cause for not submitting it earlier. *Pollard*, 377 F.3d at 193; *Vosburgh v. Comm'r of Soc. Sec.*, No. 17-CV-6587P, 2019 WL 2428501, at *3 (W.D.N.Y. June 11, 2019). Second, the evidence is new because it is not cumulative of what already exists in the record. Though several of Dr. Strut's treatment notes are in the record, there was no functional capacity assessment from Dr. Strut. *See* Tr. 219-33; *Marchetti v. Colvin*, No. 13–CV–02581 (KAM), 2014 WL 7359158, at *15 (E.D.N.Y. Dec. 24, 2014) (finding impairment questionnaire submitted to AC that post-dated ALJ decision was new where treating source's treatment notes were in record but the questionnaire "provide[d] a more detailed assessment than is available in the record of plaintiff's physical limitations and ability to work.").

Third, the evidence is material because it clearly relates to Plaintiff's condition during the relevant period, as it discusses her physical limitations stemming directly from her car accident on her date of disability. *See Vosburgh*, 2019 WL 2428501, at *5 (finding treatment notes that post-dated ALJ's decision were material because their focus on the claimant's medical conditions that "existed at least to some extent prior to the ALJ's decision" made them "more likely to reflect a diagnosis that sheds considerable new light on the seriousness of [claimant's] condition." (internal quotation marks and citation omitted)). The opinion does not discuss any new conditions or impairments that arose after the date of the ALJ's decision. Rather, it is clear from the record that Dr. Strut treated Plaintiff previously for the exact back and shoulder pain that he references in the RMO, and that the RMO sheds new light on the seriousness of her condition.

Moreover, because Dr. Strut's opinion is much more limiting than the RFC the ALJ assigned, the Court finds that there is a reasonable probability that the ALJ may have decided Plaintiff's application differently had she seen this evidence. *See Knight v. Astrue*, No. 10 Civ. 5301(BMC), 2011 WL 4073603, at *12-13 (E.D.N.Y. Sept. 13, 2011) (finding questionnaire newly submitted to AC was material where it "significantly undermined" the ALJ's RFC). Whereas the ALJ determined that Plaintiff could lift as much as 10 pounds frequently and 20 pounds occasionally, Dr. Strut opined that Plaintiff could only occasionally lift 5 pounds and lift less than 5 pounds frequently. Tr. 7, 14. Whereas the ALJ found that Plaintiff was capable of sitting, standing, and walking for up to 6 hours in an 8-hour day, Dr. Strut assessed that Plaintiff could not do any of those activities for more than 15 to 20 minutes at a time. *Id.* The RFC contains no limitations that allow Plaintiff to shift positions throughout the day, as Dr. Strut's assessment suggests may be necessary. Moreover, the ALJ did not find Plaintiff's headaches to be a severe impairment but Dr. Strut opined that Plaintiff needed 20 to 30-minute breaks a few times a day to alleviate her headaches. *Id.*

Dr. Strut's opinion is clearly new and material evidence the Appeals Council should have considered. For this reason, the Court remands Plaintiff's case for reconsideration upon the entire record. Though Plaintiff raises additional arguments, having already found sufficient basis for remand, the Court need not consider them. *See* ECF No. 17-1 at 21-30.

## CONCLUSION

Jackson's Motion for Judgment on the Pleadings (ECF No. 17) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 24) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this

opinion pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court will enter judgment

and close this case.

       IT IS SO ORDERED.

Dated: January 30, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court